60]  In the matter of the application of TEUNIS T. COWENHOVEN ·vs. HORATIO G. ONDERDONK.

Where O purchased of U a judgment against C, and afterwards O told C he purchased it for him (C), *held* that C could not compel an assignment.

*Motion by Cowenhoven for an order directing Onderdonk to transfer to said Cowenhoven a certain judgment.*—J. J. Ullman recovered a judgment against Cowenhoven for $62·51. Onderdonk recovered a judgment against said Cowenhoven in March last. Onderdonk subsequently became the purchaser of the Ullman judgment. Cowenhoven states Onderdonk had told him, that he had purchased the judgment of him (Cowenhoven). It did not appear whether this was before or after Onderdonk had purchased the judgment. The plaintiff also produced the affidavit of Ullman that Onderdonk had represented himself as the agent of Cowenhoven and an affidavit proving a tender to Onderdonk of the amount he had purchased it for. Cowenhoven now applies, that Onderdonk assign the judgment to him or satisfy it, on the payment of the purchase money. Onderdonk produced an affidavit denying that he purchased it as the agent of Cowenhoven.

J. E. BURRILL JR., *Defts Counsel.*  H. G. ONDERDONK, *in pro. per.*

A. TABER, *Plffs Counsel.*          WESTERN & EDWARDS, *Plffs Attys.*

The court *denied the motion,* on the ground, among others, that although Onderdonk had informed Cowenhoven after he had bought the judgment that he had purchased it for him, still he could not compel him to assign; and also because Ullman the judgment creditor was the party, if any, to complain.

*Decision.*—Motion denied, with costs.